HEARD NOVEMBER TERM, 1874.

## THARIN *vs.* SEABROOK.

A motion to strike out a sham or irrelevant answer, or defense, should not in terms demand judgment; though if the motion is granted and nothing remains of the answer presenting an issue for trial, and leave to amend is not given, judgment may be pronounced at once.

Objections for irrelevancy arise upon the face of the pleading, and are in the nature of a demurrer. Objections to sham defenses ordinarily present questions of fact to be decided upon affidavits, or in such manner as the Court may direct. If the defense is manifestly false, and interposed to delay or defeat the action, it may be struck out; but the power should only be exercised in cases free from doubt.

Argumentative and rhetorical matter should not be introduced into a pleading. Only facts capable of being affirmed or denied, and of being established by evidence, should be stated.

It is a good form of denial to state "that defendant has no knowledge" of certain facts alleged in the complaint, without adding "or information sufficient to form a belief."

The proper authorities of a municipal corporation may hold an election for corporate officers at a time different from that fixed by ordinance.

Whether the relator, in an action to determine the right to a corporation office, shall be required to give security for costs, is a matter of discretion for the Circuit Judge.

BEFORE GRAHAM, J., AT CHARLESTON, FEBRUARY, 1874.

This was an action under the Code to determine which of the parties was lawfully entitled to the office of corporation counsel of the city of Charleston. R. S. Tharin was the relator and E. B. Seabrook the defendant.

The complaint alleged that the relator was duly appointed and constituted corporation counsel, to hold the office until his successor should be elected and qualified; that, by an ordinance of the corporation, the time for holding the election was fixed for the month of December, 1873; that the election was not held in that month, but was held on the 7th January, 1874, when the defendant received a majority of the votes given; and by the third, fourth and fifth paragraphs it was charged that there were more votes given at said election than there were members of the City Council present and voting. By the same paragraphs, charges of fraud were made in terms, as denied by the sixth and seventh paragraphs of the answer hereinafter set forth.

The sixth and seventh paragraphs of the answer were as follows:

"VI. That the defendant does not know that any illegal ballots were cast at the said election, as alleged in section fourth of the complaint; and as he deems such a charge to be highly detrimental to the fame of men chosen to fill such high positions, and when made under oath in the public Courts, as in this case, calculated to bring the entire administration into disrepute, he demands strict proof of the same, and also, for the same reasons, strict proof of the allegations in Article V, (allegations highly insulting to the entire City Council,) that the course of the defendant and his friends was corrupt and unlawful, and that the election was unlawful, foul, fraudulent and without any legal force whatsoever.

"VII. The defendant has no knowledge of the various pretenses, devices and slanderous misrepresentations charged upon the defendant and his friends in the third article of the complaint."

The defendant gave notice that he would move His Honor the Judge of the Circuit Court for an order requiring the plaintiff to give security to indemnify the State against the costs and expenses

of the case, and the plaintiff gave notice that he would move His Honor for "judgment on the pleadings in this case, because the answer in its sixth and seventh articles is sham, and irrelevant and frivolous as to the residue thereof."

His Honor, after hearing argument, granted the motion of the defendant, and required the plaintiff to give security for costs in the sum of $100, and he denied the motion of the plaintiff.

The plaintiff appealed from the order requiring him to give security for costs; and he also appealed from the order denying his own motion, " because the answer admits all the material allegations of the complaint, sets up new matter which constitutes no defense to the action, and states that the defendant " does not know" (that is, that the relator does know,) that the election was fraudulent whereby the defendant says he was elected.

*Tharin*, for appellant.

*Mitchell*, contra.

*First.* Plaintiff appeals from an order of the Circuit Court refusing to strike out the answer, upon the ground that it was in part sham, and as to the residue irrelevant and frivolous.

1. Such an order is not appealable.

Appeal does not lie from an order refusing to strike out an answer, or from an order of the general term reversing an order of the special term striking out an answer.— *Tabor* vs. *Gardner*, 41 N. Y., (2 Hand,) 232; 6 Abb., N. S., 147, sub. nom. *Tabor* vs. *Gardner*.

The amendment to the Code of 25th November, 1873, makes appealable "any intermediate judgment, order or decree involving the merits." But the order appealed from does not involve the merits; on the contrary, it leaves them intact, to be heard and determined by the Court.

2. Plaintiff asks that part of answer be stricken out as sham, and the residue as irrelevant and frivolous.

Part of an answer cannot be stricken out as sham; the whole must be struck out or none.— *Winslow* vs. *Ferguson*, 1 Lans., 436; *Lockwood* vs. *Salhenger*, 18 Abb., 136.

Separate allegations or part of a defense cannot be stricken out as sham or false.— *Collins* vs. *Coggill*, 7 Rob., 81; *Slack* vs. *Cotton*, 2 E. D. Smith, 398; *Bell* vs. *Odgen*, 13 Abb., 93, (n); *Littlejohn* vs. *Greeley*, *id.*, 311.

Plaintiff offers no evidence of falsity.

On a motion to strike out an answer as false, it must be shown by an affidavit, other than the verification of the complaint, to be false.— *White* vs. *Bennett,* 7 How., 59; *Kellogg* vs. *Baker,* 15 Abb., 287.

Slight evidence indicating good faith is sufficient to prevent a verified answer from being struck out as sham.—*Munn* vs. *Barnum,* 1 Abb., 281; 12 How., 563.

The defense is, that the office in question being vacant, the defendant was duly elected and qualified. This, it is submitted, is a good defense.

Even if vaguely pleaded, it is well settled that vagueness in pleading is not frivolousness; it is to be corrected by amendment and not visited by judgment.—*Kelley* vs. *Barnett,* 16 How., 137.

Even if insufficient, the insufficiency must be so apparent that the Court can determine it upon inspection without argument.— *Sixpenny Savings Bank* vs. *Sloan,* 13 How., 544.

An answer, to be adjudged frivolous, must be clearly so in its whole scope and bearing, and not merely through a formal defect that might be cured by amendment. If argument is required to establish its character as frivolous, the Court will not dispose of it in the summary manner authorized by the Code.—*Boylston* vs. *Crews,* 2 S. C., 422.

*Second.* Plaintiff appeals from an order that the relator give security to indemnify the State for costs and expenses.

1. Such an order is not appealable.

Before the amendment to the Code of November 25th, 1873, no order made before judgment was appealable, except one which virtually determined the action and prevented a judgment, from which an appeal might be taken—Code, Sec. 11. This amendment provides that an immediate order, involving the merits, may be appealed. This order does not affect the merits of the action, and therefore does not fall within the words of the amendment.

2. This order was proper.

It was made under Section 449 of the Code, which provides: "The Circuit Judge may require, as a condition precedent to bringing such action, that satisfactory security shall be given to indemnify the State against the costs and expenses to be incurred thereby." The order was made after the action was brought, but as soon as the attention of the Court was called to the statute.

Where power is given by statute to public officers in permissive language, as that they "may, if deemed advisable," do a certain thing, the language used will be regarded as peremptory where the public interest or individual rights require that it should be.— *Supervisors* vs. *United States*, 4 Wall., 435.

The State has allowed the relator to bring suit in its name, and, to secure itself, has required that security be given before bringing the action. It has imposed upon the Circuit Judge a positive duty and not a discretionary power, in language which must be taken as mandatory, as the public interest is concerned. That he required it after the bringing of the action affects no rights of the relator— places him in no worse position than if it had been required before.

The defendant has no interest in this question; it is one solely between the State and the relator.

March 26, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The first question to be considered arises upon the motion of the plaintiff "for judgment on the pleadings in this case because the answer in its sixth and seventh articles is sham, and irrelevant and frivolous as to the residue thereof."

Sham and irrelevant answers and defenses may be stricken out on motion.—Code, § 175. In such cases the motion should be to strike out, and not in terms for judgment. Irrelevancy in a pleading is a question that arises on the face of the pleading in the nature of a demurrer to that part of the pleading alleged to be irrelevant. The objection to sham defenses ordinarily presents a question of fact for the Court, to be determined on affidavits, or in such manner as the Court may direct. If the pleading is manifestly false, and interposed to delay or defeat the plaintiff's action, the Court will strike it out. This power should be sparingly used, and only in cases free from doubt. Where any portion of a pleading is stricken out; the residue of the pleading stands; and, unless the Court authorizes amendment, the cause proceeds upon such pleadings.

The objection of frivolousness arises under Section 270 of the Code: Where the entire pleading, either a demurrer, answer or reply, is manifestly, and from matter appearing on its face, a mere contrivance to prevent the entry of judgment previous to the cause coming up for a formal hearing or trial. In that case the Court, on motion, gives judgment at once. But in order to demand such judgment, the objection of frivolousness must extend to and embrace

the whole pleading objected to, so that nothing is left of the pleading that can entitle the party to a trial.

Paragraph 6 of the answer certainly contains matter that is entirely irrelevant. Neither argumentative nor rhetorical matter should be introduced into a pleading, but merely facts capable in their nature of being affirmed and denied, and of being established by legal proofs. The facts should be systematically arranged, and in the complaint or counter claim the proper legal conclusions from them should be embodied in the nature of the judgment demanded.

It is quite immaterial, in point of law, whether the persons charged by the plaintiff with official misconduct occupied high or low positions. The only question for the Court is, whether the charges are material and true. In other respects, however, the sixth and seventh paragraphs contain matter that is material. They deny the knowledge of certain facts alleged by the complaint as material to the cause. The plaintiff objects that the answer states that the defendant "has no knowledge." This is a good denial. The Code permits the party to state that he has no knowledge sufficient to form a belief. This implies some knowledge, but not sufficient to form the ground work for a prudent man to act upon. The defendant goes beyond the requirement of the Code, and, instead of denying knowledge of sufficient certainty to bind his conscience, he denies all knowledge. The greater includes the less, and the denial must be regarded as full and complete.

Under the circumstances, the Court could not properly strike out the whole of the sixth and seventh paragraphs. As it regards the irrelevant matter contained in paragraph 6, it does not appear that the plaintiff was prejudiced by it, and, therefore, no ground exists for objecting to the refusal of his motion.

There was no ground for the motion for judgment on account of the frivolousness of the answer. Although there are many things in both the complaint and answer that will be found to have no important bearing on the real issues, yet there is an issue raised distinctly by the pleadings, and that is sufficient to defeat the motion for judgment on the ground of frivolousness. It is only necessary to point out a single ground of defense as sufficient to bar the plaintiff's demand. The election pleaded by the defendant is such an averment. The fact that such election was held at a time different from that required by the general ordinance does not invalidate it, as the same authority that passed the ordinance

ordered the election. If such order was in contravention of -the ordinance, it must be regarded as repealing it to the extent that the two were inconsistent with each other. The second question arises on an appeal from the order requiring the plaintiff to file security for costs under Section 449 of the Code of Procedure. The present case is one within Section 449. It is brought by a person having an interest in an alleged and lawful holding of a corporate office and prosecuted in the name of the State, the name of such party in interest being joined therewith. Section 449 makes it the right of the Circuit Court in such cases to demand security for costs from the party thus using the name of the State. The precise ground upon which the Circuit Judge granted the order is not stated in the brief, and we cannot, therefore, say from the record before us whether the discretion of the Court was exercised on sufficient grounds in point of fact.

The appeal should be dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.